T. M. ELLIS v. J. M. KELLY, Admr., &c.

1. CONTRACT: CONSTRUCTION OF AGREEMENT TO PAY WHEN PARTNERSHIP DEBTS ARE PAID.—The defendant agreed to pay the plaintiff one thousand dollars for his interest in a partnership of which defendant was a member, the said sum to be payable when the debts of the partnership should be paid, or earlier, if convenient: the defendant paid the debts out of his individual property; the firm assets being insufficient for that purpose: Held, that upon such payment, the obligation became due, and the plaintiff was entitled to recover, although the defendant had not been reimbursed for his advances.

2. NEW TRIAL: WHEN GRANTED TO SHOW MISTAKES OF WITNESS.—A new trial will not be granted to a party, upon his affidavit that a witness made a material mistake in his testimony against him, if it be not also shown by what evidence this mistake can be established, and if no sufficient reason be shown, why such evidence, if it exist, was not introduced on the trial.

3. EVIDENCE: PAROL PROOF TO VARY LEGAL CONSTRUCTION OF A WRITING INADMISSIBLE.—It is not competent at law, to prove, by the draftsman of an agreement, the construction put upon it by the parties at the time it was entered into.

IN error from the Circuit Court of Hinds county. Hon. John Watts, judge.

The plaintiff, as administrator of one Moran, sued the defendant, in the court below, on the following instrument: "We, T. M. Ellis and John C. Chrisman, agree and obligate ourselves to pay to John Moran one thousand dollars, clear of all demands that are now against him on our books, the same to be paid him when the debts of the firm of T. M. Ellis & Co. are paid off, or earlier, if found convenient to us, the same being in full compromise of the entire interest he the said Moran had in the concern of T. M. Ellis & Co. The said John Moran hereby relinquishes all further claims in said concern to the said Ellis & Chrisman." This instrument was signed and sealed by T. M. Ellis, John C. Chrisman, and one Joseph W. Fite.

The defendant among other things pleaded, that the debts of said firm had not been paid, except by payments made by said Ellis out of his private and individual means; and that said firm was insolvent, and was indebted to said Ellis for the advances so made; that these advances were made in the year 1840, and if it were consi-

dered, that they amounted in law to a payment of the debts of said
T. M. Ellis & Co., within the meaning of said contract, the defendant
then relied upon the Statute of Limitations.

On the trial, George M. Barnes, a witness for the plaintiff, testi-
fied, that in the year 1852, he presented the bond sued on to the
defendant, who then acknowledged that it was unpaid, and he fur-
ther stated that the debts of said T. M. Ellis & Co. had been paid.
Upon cross-examination the witness stated, that the defendant told
him, in the conversation above alluded to, that he had sacrificed
property to pay the debts of T. M. Ellis & Co., in order to sustain
his individual credit; but witness could not recollect, whether
the defendant spoke of sacrificing his individual property or not;
but the witness recollected that the defendant said, that T. M. Ellis
& Co. had lost a large sum of money, by collecting uncurrent bank
notes.    The witness could not recollect all the conversation that
occurred between them.

The jury returned a verdict for the plaintiff for $1260.

The defendant moved for a new trial, and in support of his mo-
tion read his own affidavit, in which he stated, that he was surprised
at the testimony of witness Barnes, in this: that the said Barnes
had forgotten material parts of the conversation about which he
testified; that he expected said witness to be introduced for the
plaintiff, to prove said conversation, but relied on the belief that the
witness would recollect and state the said conversation as it oc-
curred; that in said conversation, he, defendant, only admitted that
$500, part of said bond, was unpaid; that he stated to witness,
that one-half of said bond had been paid by said Fite; he also
stated to witness, that some $2000 of the debts of T. M. Ellis &
Co. were paid in the year 1840, by his individual means, and that
the assets of said firm were insufficient to refund the sum so ad-
vanced, and that he was a creditor of the firm to that extent.   The
defendant further stated, that since the trial, he has discovered a
material witness for his defence, viz., one S. P. Bailey; that said
Bailey was a citizen of the State, and he expected to procure his
attendance at the next term of the court; that he could prove by
said Bailey, that he was one of the arbitrators, who settled the mat-
ters in dispute between T. M. Ellis & Co. and said Moran, and on
which settlement the bond sued on was executed; that it was the

understanding and agreement between the parties thereto, that the said $1000 was only to be paid out of the assets of T. M. Ellis & Co., and not otherwise, and that said Bailey was the draftsman of the said bond.

Bailey's affidavit was also read, and it confirmed the statement of Ellis, as to what could be proven by the witness.

The court overruled the motion for a new trial, and the defendant tendered his bill of exceptions thereto, and sued out this writ of error.

*John D. Freeman,* for the plaintiff in error.

*D. Shelton,* for defendant in error.

Fisher, J., delivered the opinion of the court.

This was an action brought in the Circuit Court of Hinds county, by the plaintiff below, upon an instrument of writing, in the following words, to wit: " We, T. M. Ellis and John C. Chrisman, agree and obligate ourselves to pay John Moran one thousand dollars, clear of all demands that are now against him on our books, the same to be paid him when the debts of the firm of T. M. Ellis & Co. are paid off, or earlier, if found convenient to us, the same being in full compromise of the entire interest, he the said Moran had in the concern of T. M. Ellis & Co. The said John Moran hereby relinquishes all further claims in said concern to the said Ellis & Chrisman." Signed by the above-named parties. The writing being presented by a witness to Ellis, the defendant, he admitted that he had paid off the debts of the firm, but stated at the same time the firm had sustained heavy losses, and made, in the same connection, other statements, which are not material to be noticed. It is insisted on behalf of the defendant below, that the proof shows that Ellis paid the debts out of his individual means, and not out of the funds of the copartnership, and that no recovery could be had, until it could be shown that the debts were paid from the funds of the copartnership, or until Ellis was reimbursed from that source the money which he had furnished from his individual means. We differ with counsel in this construction of the contract. The undertaking is to pay when the debts of the concern are paid, or

earlier, if convenient.    This has reference to the time when the contract is to become due, and not to the funds out of which the money is to be paid.

It is again said, that the court erred in refusing the motion for a new trial.    The defendant made an affidavit that he was taken by surprise, by the testimony of Barnes, the witness, and the only witness relied on by the plaintiff, to prove the admissions of the defendant.

That the witness stated but a part of the conversation, and this not in the proper connection; that he, the defendant, only admitted an indebtedness to the amount of one-half of the amount of the contract, &c.    This showing wholly fails to come within the settled rule in such cases.    One object of the new trial is to impeach the witness, and even if the motion could be sustained on this ground, no showing is made as to the testimony by which this alleged mistake of the witness can be established, and no sufficient reason is given, if such testimony exists, why it was not introduced on the trial.    The law exacts diligence from litigants, and it is only in a case where a party could not, by the use of proper diligence, make out his claim or defence at the trial, that a new trial will be granted.

As to the affidavit of Bailey, it only relates to the construction of the contract, and if the testimony had been offered on the trial, it could not have been admitted.

Under this view of the law, the judgment must be affirmed.